JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-11406-MWF (AYPx)          **Date:** March 24, 2026
**Title:** Bentley Kyle Evans v. Tiffany Lily Walker

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING DEFENDANT'S MOTION TO STRIKE [9] AND DISMISSING ACTION; ENTRY OF JUDGMENT

Before the Court is Defendant Tiffany Lily Walker's Motion to Strike (the "Motion"), filed on December 24, 2025.  (Docket No. 9).  Plaintiff Bentley Kyle Evans filed an Opposition on January 30, 2026.  (Docket No. 17).  Walker filed a Reply on February 6, 2026.  (Docket No. 20).

The Motion was noticed to be heard on **January 26, 2026**.  The Court read and considered the papers filed in connection with the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **GRANTED** *in part*, and this action is **DISMISSED**.  Specifically, the Court rules as follows:

- Evans's copyright claim is **DISMISSED** *without prejudice* as to the photographs and nude video because Evans has not complied with the requirements set forth in 17 U.S.C. § 411(a).  Evans may refile his copyright claim upon compliance with § 411(a), though the Court doubts a cognizable copyright claim exists with respect to those works.

- Evans's copyright claim is **DISMISSED** *with prejudice* as to Walker's "Thin Line" cartoon.  The cartoon parodies only the title of Evans's film

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 25-11406-MWF (AYPx)**          **Date:  March 24, 2026**
Title:  Bentley Kyle Evans v. Tiffany Lily Walker

which is not itself entitled to copyright protection and, in any event, the parody is fair use.

- Evans's remaining claims all arise under state law and the Court declines to exercise its supplemental jurisdiction over those claims.  The state law claims are **DISMISSED** *without prejudice* to Evans asserting those claims in Superior Court.

## I.  BACKGROUND

Bentley Kyle Evans alleges that he is a "renowned and wealthy television producer" with credits including "Martin," "The Jamie Foxx Show," and other productions.  (Complaint (Docket No. 1) ¶¶ 1, 7).  Tiffany Lily Walker is a model, influencer, and "aspiring entertainer" who first met Evans in November 2024 at a wrap party for one of Evans's television projects.  (*Id.* ¶¶ 2, 9).

The two then entered a personal relationship.  Evans alleges that Walker used the relationship to exploit his wealth and industry connections, and that, after the relationship deteriorated, she began using social media and other online platforms to accuse him of coercive sexual conduct and professional misconduct.  (*Id.* ¶¶ 1–4, 9–19).  Evans characterizes those accusations as false and alleges that Walker made them to harm his reputation and generate online attention.  (*Id.* ¶¶ 4, 16–19).

Walker presents a sharply different account.  She states that her sexual relationship with Evans "occurred in the context of what [she] understood to be a quid pro quo arrangement for career advancement" in the entertainment industry.  (Declaration of Tiffany L. Walker ("Walker Decl.") (Docket No. 9-2) ¶ 12).  She further states that, after she attempted to distance herself from the sexual aspects of the relationship, the promised professional opportunities never materialized.  (*Id.* ¶¶ 23–28).

In June 2025, Walker published a blog post reflecting on her relationship with Evans.  (Walker Decl. ¶¶ 29–31, *see also id.*, Ex. A).  She also began posting about

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-11406-MWF (AYPx)**          **Date:  March 24, 2026**

Title:  Bentley Kyle Evans v. Tiffany Lily Walker

Evans and their relationship on social media.  (Complaint ¶¶ 16–19; *see also id.* at 34–40, 47–50 (collecting examples of Walker's social media posts)).  Whereas Evans characterizes the posts as false and malicious (*see id.* ¶¶ 16–19), Walker characterizes them as truthful or opinion-based statements regarding her own experience with Evans, who is a public figure.  (Walker Decl. ¶¶ 31, 35–36).

Evans also alleges that Walker recorded a short video of the pair undressed without his consent.  (Complaint ¶¶ 13–15).  Evans alleges that Walker recorded the video "for extortion purposes" and later posted the video on social media.  (*Id.*).

On June 20, 2025, Evans acquired a temporary restraining order prohibiting Walker from contacting Evans or coming within 100 yards of Evans or his wife.  (*Id.* ¶ 23).  Evans also states that the order required Walker to "refrain from posting about [Evans]" (*id.*), but Walker disputes that the order contained any such provision.  (Walker Decl. ¶ 41).

Evans further alleges that some of Walker's online posts infringed his copyrights.  Specifically, the Complaint identifies three categories of works: photographs of Evans, the film *A Thin Line Between Love and Hate*, and the nude video that Walker recorded and later posted online.  (Complaint ¶ 31).  The Complaint does not clearly identify the "photographs" in question or any particular infringement of them.  (*See id.*).  As to *A Thin Line*, Evans alleges that Walker infringed his copyright in the film by posting a cartoon on social media featuring the phrase "A Thin Line Between Love and Affairs."  (*Id.*; *see also id.* at 38–39).

Based on the above allegations, Evans brings five claims for relief including (1) Copyright Infringement; (2) Defamation; (3) Extortion; (4) Violation of California Civil Code § 1708.85; and (5) Cyberstalking.  (*See generally* Complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.**  **CV 25-11406-MWF (AYPx)**          **Date:  March 24, 2026**

Title:  Bentley Kyle Evans v. Tiffany Lily Walker

---

## II.   **DISCUSSION**

### A.   **Copyright Infringement**

Evans's first claim for relief alleges copyright infringement.  (Complaint ¶¶ 30–33).  Walker moves to dismiss this claim on anti-SLAPP grounds and also on the grounds that the allegations fail to plausibly state a claim.  (Motion at 17–18).

As a preliminary matter, while California's anti-SLAPP statute may apply in federal court to state law causes of action, "the anti-SLAPP statute does not apply to federal law causes of action," including actions for copyright infringement.  *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010).  The Court will therefore address Walker's arguments to the extent they are directed to whether the Complaint states a plausible claim for relief under Rule 12(b)(6).

"To prevail on [a] copyright infringement claim, [a plaintiff] must demonstrate (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Benay v. Warner Bros. Ent., Inc.*, 607 F.3d 620, 624 (9th Cir. 2010) (internal quotation marks and citation omitted).

Here, Evans's copyright claim concerns three allegedly copyrightable works: (1) unspecified photographs; (2) the audiovisual work and film, *A Thin Line Between Love and Hate*; and (3) the nude video of himself and Walker that Walker recorded and posted on Instagram.  (Complaint ¶ 31).  Evans fails to state a cognizable claim for copyright infringement as to any of these works.

### 1. The Photographs and Nude Video

As to the photographs and the nude video, the copyright claim fails because Evans does not allege a registered copyright in those works.

The Copyright Act provides that "no civil action for infringement . . . shall be instituted until preregistration or registration of the copyright claim has been made in

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-11406-MWF (AYPx)          **Date:** **March 24, 2026**

Title: Bentley Kyle Evans v. Tiffany Lily Walker

accordance with this title." 17 U.S.C. § 411(a). "'[R]egistration . . . has been made' within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but when the [Copyright] Register has registered a copyright after examining a properly filed application." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 309 (2019) (alteration in the original).

Here, Evans does not allege that he has registered any copyrights relevant to the photographs or the nude video. He alleges only that he filed applications to register those works, which apparently remain pending. (Complaint ¶¶ 7, 31). But the Supreme Court has unequivocally held that a pending application does not satisfy § 411(a). *Fourth Est.*, 586 U.S. at 302–303; *see also Leszczynski v. Kitchen Cube LLC*, No. SACV 23-01698-MEMF (ADSx), 2024 WL 1829620, at *13 (C.D. Cal. Apr. 17, 2024) (dismissing copyright claims where plaintiff applied for registration but did not yet receive a registration decision).

The Supreme Court has explained that "registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Id.* at 301. Evaluating Evans's alleged works now would amount to "premature interference with agency process" and deprive the Court of "the benefit of [the agency's] experience and expertise." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) (discussing the general purpose of administrative exhaustion).

In any event, the Court also notes that the present allegations raise substantial doubt as to whether Plaintiff could plausibly allege ownership of these works, which is a necessary component of any copyright infringement claim. *Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004). Copyright ownership vests initially in the author of the work, that is, the person who creates and fixes the expression. *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989). But the fact that Evans may be the subject of a photograph or video does not, without more, plausibly establish that he also owns its copyright. *See Garcia v. Google, Inc.*, 786 F.3d 733, 743–44 (9th Cir. 2015) (en banc) (rejecting co-ownership claim of an actress appearing in a movie, noting that, "[h]owever one might characterize [her] performance, she played no role in fixation"). Here, for example, the Complaint alleges that Walker, not Evans, recorded the nude

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-11406-MWF (AYPx)**          **Date:  March 24, 2026**
Title:  Bentley Kyle Evans v. Tiffany Lily Walker

video.  (Complaint ¶¶ 13, 43).  It is not clear how, consistent with those allegations, Evans could plausibly allege that he is the copyright owner of the video.

The copyright claim appears further deficient as to the alleged photographs. Evans does not identify the photographs or explain how Walker allegedly infringed them.  He therefore fails to give fair notice of the photographic works at issue, his ownership of them, and the allegedly infringing conduct.  *See, e.g.*, *Menjivar v. JVCKenwood USA Holdings, Inc.*, No. CV 24-0448-CBM (AJRx), 2024 WL 5668793, at *3 (C.D. Cal. Apr. 17, 2024) (dismissing copyright claim where "[the complaint] does not allege facts regarding any specific copyrighted work owned by Plaintiff, nor allege Defendant copied Plaintiff's copyrighted work, had access to Plaintiff's copyrighted work, or that Plaintiff and Defendant's works are substantially similar.").

Accordingly, as to the photographs and nude video, Evans's copyright claim is **DISMISSED *without prejudice***.  Evans may refile his copyright claim as to these works upon complying with the registration requirement or alternatives set forth in 17 U.S.C. § 411(a) — though, for the reasons stated above, the Court doubts a cognizable copyright claim exists with respect to those works.

### 2.  The "Thin Line" Cartoon

The Complaint also alleges infringement based on Walker's use of the phrase "A Thin Line Between Love and Affairs" in a cartoon she posted on Instagram Threads. (Complaint ¶ 31; *see also id.* at 38–39 (reproducing cartoon image)).  Evans alleges that the cartoon and language infringe his rights in his film *A Thin Line Between Love and Hate*.  (*Id.* ¶¶ 7, 31).  This theory of copyright infringement also fails as pleaded.

***First***, "[a] title standing alone cannot be copyrighted."  *Benay v. Warner Bros. Ent.*, 607 F.3d 620, 628 (9th Cir. 2010), *overruled on other grounds by Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (en banc); *see also* 37 C.F.R. § 202.1(a) (listing "[w]ords and short phrases such as names, titles, and slogans" as "examples of works not subject to copyright").  The Complaint does not allege that Walker copied any protectable audiovisual expression from Evans's work beyond its title, nor do the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 25-11406-MWF (AYPx)          **Date:**  **March 24, 2026**

Title:  Bentley Kyle Evans v. Tiffany Lily Walker

images attached to the Complaint appear to show any such copying.  (Complaint ¶ 31; *see also id.* at 38–39).

**Second**, any use reflected in the allegations and attachments is plainly fair use under 17 U.S.C. § 107.  "[T]he fair use of a copyrighted work, . . . for purposes such as criticism, comment, news reporting, teaching . . . or research, is not an infringement of copyright."  17 U.S.C. § 107.  Fair-use factors include: "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work."  *Id.*

An assertion of fair use "may be considered on a motion to dismiss, which requires the court to consider all allegations to be true, in a manner substantially similar to consideration of the same issue on a motion for summary judgment, when no material facts are in dispute."  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 530 (9th Cir. 2008).

As to the first factor, "[t]he Supreme Court has recognized that parodic works, like other works that comment and criticize, are by their nature often sufficiently transformative to fit clearly under the fair use exception."  *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 800 (9th Cir. 2003) (citing *Campbell v. Acuff-Rose Music, Inc.,* 510 U.S. 569, 575–76 (1994)).  Here, the first factor weighs heavily in favor of fair use.  Walker parodied the title of the work to criticize and comment on Evans, the author of the underlying work.  (Complaint at 38–39).  Walker's parody took the form of a cartoon image posted on social media and was not sold for commercial gain, and such non-commercial parody constitutes quintessential transformative use.

The second factor considers whether the underlying work is a "creative work," rather than informational or functional, and whether the work has been published. *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1178 (9th Cir. 2013).  Here, Evans's film is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-11406-MWF (AYPx)          **Date:** **March 24, 2026**
Title:  Bentley Kyle Evans v. Tiffany Lily Walker

creative and published, so this factor may weigh slightly against Walker.  However, the Ninth Circuit has recognized that "this factor typically has not been terribly significant in the overall fair use balancing." *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.,* 109 F.3d 1394, 1399 (9th Cir. 1997).  Indeed, most parodies that are found to be fair use "copy publicly known, expressive works." *See Campbell*, 510 U.S. at 586.

The third factor "asks whether the amount and substantiality of the portion used in relation to the copyrighted work as a whole are reasonable in relation to the purpose of the copying." *Id.* (cleaned up).  Here, Walker parodied only the title of the film and no portion of the film itself.  Thus, the third factor weighs heavily in favor of fair use.

The fourth factor "requires courts to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also 'whether unrestricted and widespread conduct of the sort engaged in by the defendant would result in a substantially adverse impact on the potential market' for the original." *Id.* at 590 (cleaned up).  Notably, this factor is concerned with the risk of market substitution, not with "a decrease in value of a copyrighted work that may result from a particularly powerful critical work." *Mattel*, 353 F.3d at 805.  Here, there is no risk that the cartoon image would be considered a reasonable substitute for the film, so the fourth factor weighs in favor of fair use.

Considering these factors, the "Thin Line" cartoon image is blatantly fair use as a matter of law, and the Court will not grant Evans leave to amend his copyright claim as to the cartoon.  Since "no amendment could alter the Court's fair-use conclusion, amendment would be futile." *McGillvary v. Netflix, Inc.*, No. 2:23-CV-01195-JLS-SK, 2024 WL 3588043, at *9 (C.D. Cal. July 30, 2024), *aff'd in part, vacated in part, remanded sub nom. McGillvary v. Bunim Murray Prods., LLC*, No. 24-6944, 2026 WL 311615 (9th Cir. Feb. 5, 2026).

Accordingly, as to the "Thin Line" cartoon, the Motion is **GRANTED** *without leave to amend* and Evans's copyright claim is **DISMISSED** *with prejudice*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 25-11406-MWF (AYPx)**          **Date:**  **March 24, 2026**
Title:  Bentley Kyle Evans v. Tiffany Lily Walker

### B.      State Law Claims

Walker also moves to dismiss and/or strike Evans's remaining claims which all allege violations of California law.  (*See generally* Motion).

The Court has discretion to dismiss supplemental state claims once it dismisses all federal claims.  *See* 28 U.S.C. § 1367(c)(3) ("The district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)") (quoting *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc)).

Here, the Court is dismissing Evans's copyright claim, which is the sole basis for this Court's subject matter jurisdiction.  (*See* Complaint ¶ 5).  As a result, the Court declines to exercise supplemental jurisdiction over his remaining state law claims.  *See Shame on You Prods., Inc. v. Elizabeth Banks*, 120 F. Supp. 3d 1123, 1172 (C.D. Cal. 2015), *aff'd sub nom. Shame on You Prods., Inc. v. Banks*, 690 F. App'x 519 (9th Cir. 2017) (declining to "exercise supplemental jurisdiction of the [state law] claim" when the copyright infringement claim failed as a matter of law).   It is therefore unnecessary to reach Walker's arguments about Evans's state law claims.

Accordingly, Evans's state law claims are **DISMISSED** *without prejudice*.

### C.      Attorney's Fees and Costs

Walker further argues that she is entitled to attorney's fees, costs, and damages if she prevails under the anti-SLAPP statute or under Civil Code section 47.1.  (Motion at 25–26; Reply at 9).  But because the Court does not grant relief on anti-SLAPP grounds or under section 47.1, and because the copyright claim is not subject to California's anti-SLAPP statute in the first place, there is no basis for an award of fees or damages here.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-11406-MWF (AYPx)**          **Date:  March 24, 2026**
Title:  Bentley Kyle Evans v. Tiffany Lily Walker

Accordingly, Walker's request for attorney's fees, costs, and damages is
**DENIED**.

## III.   **CONCLUSION**

The Motion is **GRANTED** as to Evans's copyright claim, which is
**DISMISSED** *without prejudice* as to the photographs and nude video and
**DISMISSED** *with prejudice* as to the "Thin Line" cartoon.  Evans's state law claims
are **DISMISSED** *without prejudice* to Evans's asserting those claims in Superior
Court.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule
of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to
treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.

Parties in court without a lawyer are called "*pro se* litigants."  These parties
often face special challenges in federal court.  Public Counsel runs a free Federal Pro
Se Clinic where *pro se* litigants can get information and guidance.  The Clinic is
located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los
Angeles, CA 90012.  *Pro se* litigants must call or submit an on-line application to
request services as follows:  on-line applications can be submitted at
http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

Pro se litigants are now eligible to receive a login and password for the Court's
Case Management/Electronic Case Filing System ("CM/ECF"), so long as they are not
incarcerated.  Obtaining a login and password to the CM/ECF System allows pro se
litigants to receive notification by e-mail when documents are filed in their case.
Instructions to sign up for the CM/ECF system are available at
https://www.cacd.uscourts.gov/e-filing/pro-se-electronic-filing.